UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Seamus Desmond,<br>    *Plaintiff,*<br><br>        *v.*<br><br>Michael J. Astrue, Commissioner of Social Security,<br>    *Defendant.* | Civil No. 3:08cv927 (JBA)<br><br><br><br>September 16, 2009 |

ORDER APPROVING AND ADOPTING RECOMMENDED RULING [Doc. # 30]
AND DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME [Doc. # 31]

Plaintiff Seamus Desmond instituted this suit against the Commissioner of the Social Security Administration (the "SSA"), alleging that upon remand from the district court, the SSA's decision denying his claim for disability insurance benefits and supplemental security income was "not in accordance with the law" and "is against the evidence." (*See* Compl. [Doc. # 3].) In accordance with 28 U.S.C. § 626(b)(1) and Local Civil Rule 72.1, this Court referred to Magistrate Judge Joan Glazer Margolis the four pending motions: Plaintiff's Motion for Order Reversing the Decision of the Commissioner, or in the alternative, Motion for Remand for a Rehearing [Doc. # 16], Defendant's Motion to Strike Plaintiff's Motion and for Reconsideration of the Court's grant of Plaintiff's Motion to Seal his Motion for Order [Doc. # 18], Defendant's Motion for Order Affirming the Decision of the Commissioner [Doc. # 25], and Plaintiff's Motion for Hearing [Doc. # 27].

On August 27, 2009 Magistrate Judge Margolis issued a Recommended Ruling [Doc. # 30] granting in part the Plaintiff's Motion for Order Reversing the Decision of the Commissioner; denying Defendant's Motion for Order Affirming the Decision of the

Commissioner and Motion to Strike; and denying without prejudice to renew Plaintiff's Motion for Hearing. By operation of the Court's electronic filing system, the parties were served simultaneously with the docketing of the Recommended Ruling on August 27, 2009. Magistrate Judge Margolis clearly stated the parties' rights to file objections to the Recommended Ruling:

> The parties are free to seek the district judge's review of this recommended ruling. See 28 U.S.C. §636(b)(written objection to ruling must be filed within ten days after service of same); FED. R. CIV. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

(Rec. Rul. at 14 (emphases in original).)

In turn, Local Civil Rule 72.2(a) provides, in pertinent part:

> Any party wishing to object must, within ten (10) days after service of such order or recommended ruling on him, serve on all parties, and file with the Clerk, written objection which shall specifically identify the ruling, order, proposed findings and conclusions, or part thereof to which objection is made and the factual and legal basis for such objection. A party may not thereafter assign as error a defect in the Magistrate Judge's order to which objection was not timely made.

As the Recommended Ruling stated, and under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Local Civil Rule 72.2, any objection to the Recommended Ruling was to be filed within ten days of service of the Recommended Ruling, or by September 11, 2009, even though the Court noted in docketing the Recommended Ruling that objections were due on September 14th. This discrepancy is immaterial, however, in that it was not until September 15, 2009 that Defendant filed its motion for extension of time in which to

object to the Recommended Ruling. Defendant explained that he required "the assistance of the Office of General Counsel for the Commissioner of Social Security (OGC)," and that "[t]he OGC attorney assigned to this case requires additional time to prepare a response due to extraordinary workload developments within OGC, but expects to have the government's response ready for filing by September 29, 2009." (Def.'s Mot. Ext. Time [Doc. # 31] at 1.) However, Defendant provides no explanation—let alone "good cause," *see* Local Civil Rule 7(b)2—for why, "despite [his] diligence," he did not file his motion until after the 10-day objection period had expired. Therefore, his motion for extension of time [Doc. # 31] is DENIED.

No objection to Magistrate Judge Margolis's Recommended Ruling was timely filed. "Absent such objection, the Judge ultimately responsible may forthwith endorse acceptance of the proposed decision." Local Civil Rule 72.2(b). The Recommended Ruling is APPROVED and ADOPTED as the ruling of this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and D. Conn. L. Civ. R. 72.2(b) of the Local Rules for United States Magistrate Judges. Accordingly, Plaintiff's Motion for Order Reversing the Decision of the Commissioner, or in the alternative, Motion for Remand for a Rehearing [Doc. # 16] is GRANTED IN PART; Defendant's Motion to Strike Plaintiff's Motion and for Reconsideration of the Court's grant of Plaintiff's Motion to Seal his Motion for Order [Doc. # 18] is DENIED, Defendant's Motion for Order Affirming the Decision of the Commissioner [Doc. # 25] is DENIED, and Plaintiff's Motion for Hearing [Doc. # 27] is DENIED without prejudice to renew. This matter is remanded so that the Administrative Law Judge ("ALJ") can obtain the file

regarding Plaintiff's June 2002 Application, consider the medical evidence from that file to the extent that it is relevant to the period at issue, and update the file so that the ALJ may make a thorough determination of disability.

IT IS SO ORDERED.

                    /s/
           Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of September, 2009.